UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| OAHU SUGAR COMPANY, LLC, | ) | Case No.: 05-15100 |
| | ) | |
| Debtor. | ) | Judge Timothy A. Barnes |
| | ) | Hearing Date: Thursday, January 29, 2015 |
| | ) | Hearing Time: 10:00 a.m. |
| | ) | |

COVER SHEET FOR APPLICATION
FOR PROFESSIONAL COMPENSATION

Name of Applicant:   <u>Thadford A. Felton and Greensfelder, Hemker & Gale, P.C.</u>

Authorized to Provide
Professionals Services to:   <u>Alex D. Moglia, not individually but solely as the Chapter 7 Trustee</u>

Date of Order Authorizing Employment: <u>July 21, 2011</u>

Period for Which
Compensation is Sought: <u>From December 1, 2013 through June 23, 2014</u>

<u>Greensfelder, Hemker & Gale, P.C.</u>
Amount of Fees Sought for Allowance     **$14,740.00**
Amount of Fees Sought for Payment        **$14,740.00**
Amount of Expense Reimbursement Sought:  **$0.00**

This is an:   Interim Application  _     Final Application   **X**

Prior applications that these professionals filed, if any:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| Aug. 18, 2009 | 02/2009-08/2009 | $9,400.00 | $5,000.00 | |
| Oct. 19, 2011 | 04/2011-06/2011 | $17,404.46 | $17,404.46 | |
| Nov. 13, 2012 | 03/2012-10/2012 | $13,063.64 | $13,063.64 | |
| Feb. 13, 2014 | 11/2012-11/2013 | $29,459.77 | $29,243.02 | |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| OAHU SUGAR COMPANY, LLC, | ) | Case No.: 05-15100 |
| | ) | |
| Debtor. | ) | Judge Timothy A. Barnes |
| | ) | Hearing Date: January 29, 2015 |
| | ) | Hearing Time: 10:00 a.m. |
| | ) | |

**FINAL APPLICATION OF**
**TRUSTEE'S COUNSEL FOR COMPENSATION**

Now come Thadford A. Felton and Greensfelder, Hemker & Gale, P.C. (the "Applicant"), as counsel for the trustee of the estate of Oahu Sugar Company, LLC (the "Debtor"), and respectfully submit this final application for the allowance of compensation pursuant to 11 U.S.C. §§330(a) and 503, and state in support as follows:

**I. STATEMENT IN SUPPORT OF APPLICATION FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES**

**A. Background**

Jurisdiction and Venue

1. The district courts have jurisdiction over this case pursuant to Section 1334 of Title 28 of the United States Code (the "U.S. Code"). Pursuant to Section 157(a) of Title 28 of the U.S. Code, this case is properly referred to the bankruptcy courts. Pursuant to Section 157(b)(1) and Sections 157(b)(2)(A) and (O) of Title 28 of the U.S. Code, and Internal Operating Procedure 15 of the Internal Operating Procedures of the United States District Court for the Northern District of Illinois, this case is properly referred to the United States Bankruptcy Court for the Northern District of Illinois. When it filed the petition for relief, the Debtor resided in

2

Cook County, so pursuant to Section 1408(1) of Title 28 of the U.S. Code venue for this case is proper in the Northern District of Illinois, Eastern Division.

Background

2. The Debtor commenced this case on April 19, 2005, by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq.* (the "Bankruptcy Code"). The Office of the United States Trustee appointed Alex D. Moglia, to administer the assets of the estate as the Chapter 7 Trustee (the "Trustee").[1]

Interim Applications

3. After reviewing the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs and examining the Debtor at the meeting of creditors, the Trustee investigated whether the estate held equity in the Debtor's realty. The Trustee was contacted by a purchaser of certain land in which the Debtor arguably had certain rights and easements which were not terminated at the time of the transfer. The Trustee instructed the Applicant to negotiate a settlement with the purchaser. That settlement was finalized and approved by the Court pursuant to Section 9019 of the Bankruptcy Code.

4. The Trustee also instructed the Applicant to consult with the United States of America, Department of Justice, Environmental Enforcement Section and the United States Navy (collectively, the "USA"), regarding claims to which the estate might be entitled to recover under insurance policies. This Applicant has made substantial progress in the investigation, reviewing more than 2,500 documents produced by the insurer, filing a motion for Rule 2004 examination on Kaanapali Land, LLC ("KLLLC"), the successor to AmFac, LLC, the Debtor's former parent company and named beneficiary under certain of the insurance policies, reviewing

---

[1] Alex D. Moglia subsequently resigned and the Office of the United States Trustee appointed Andrew Maxwell to be trustee. Thereafter, Mr. Maxwell resigned and Mr. Moglia was reappointed.

3

documents produced by KLLLC pursuant to the motion for Rule 2004 examination, identifying the existing insurance policies that provide potential coverage, and secondary evidence of additional policies that provide potential coverage. The Applicant identified nearly $10 million of potential coverage, the proceeds of which will be used, primarily to pay the claim of the USA filed in connection with their environmental remediation efforts on the property.

5.    The Trustee further directed the Applicant to investigate the claims filed on behalf of KLLLC and the USA. KLLLC's claim, filed in an amount of several million dollars, was allegedly based on an intercompany note owed by the Debtor. The claim of the USA, also in the amount of several million dollars, was filed as a contingent unsecured claim based on anticipated environmental remediation costs associated with possible environmental pollution at the former site of the Debtor's operations.

6.    The Applicant discovered a document in the Estate's files that provided some evidence that the Estate may have an interest in certain insurance policies maintained by Fireman's Fund (the "Policies"), which may cover the claim asserted by the USA. The Estate, however, was not in possession of any of the underlying Policies. Therefore, the Applicant filed a motion for a subpoena on Fireman's Fund for the production of copies of the Policies, to which Fireman's Fund did not materially respond. This necessitated the Applicant's filing of two motions for civil contempt in an attempt to compel production of the Policies, which, after the passing of over one year, were finally produced to the extent that such copies existed.

7.    The documents produced by Fireman's Fund indicated that KLLLC had made a claim against one or more of the Policies for costs and anticipated costs incurred in connection with the remediation of the Site. The Applicant then filed a motion for a Rule 2004 examination on KLLLC requesting production of any documents related to the Policies, including copies of

any claims made against the Policies. KLLLC produced the documents responsive to the Rule 2004 request that it had in its possession.

8.      During its many discussions with counsel to Firemen's Fund, KLLLC, and the USA, the Applicant has concluded that the USA has not incurred substantial costs that might be covered by the Policies and, in any event, to the extent that the USA does incur such costs, the USA can assert those claims directly against Fireman's Fund, without intervention by or the assistance of the Estate.

9.      Based on its extensive investigation into the matter of the Policies, the actual amount of the claims asserted against the Estate, the Estate's possible role in facilitating recoveries from the Policies on behalf of its creditors, including the review of more than 4,000 documents and dozens of meetings with the relevant parties, the Applicant scheduled meetings with the relevant parties to liquidate the Debtor's interest in the Policies and to close the Case.

Final Fee Application

10.     The Applicant pursued settlement with counsel to Fireman's Fund, corresponding with same and with counsel for the USA, and addressed competing claims under the Policies.

11.     The investigation of the potential insurance claims continues with the Trustee's current counsel pursuant to the Notice of Substitution of Counsel, thus the Applicant will no longer represent the Trustee going forward.

Terms for Employment of the Applicant

12.     The Estate employed the Applicant at its hourly rates and pursuant to 11 U.S.C. §330. The Applicant did not seek, and the estate did not provide or pay any retainer. The Trustee did not "promise" any payments to the Applicant outside of advising the Applicant that it would have the right to seek compensation and reimbursement of costs pursuant to 11 U.S.C. §330.

The Applicant rendered services to the estate and filed this Application seeking compensation pursuant to 11 U.S.C. §§330 and 503(b). The Applicant's employment did not impose any caps or limitations on fees or other charges. This Court did not previously award compensation to the Trustee pursuant to 11 U.S.C. §326. The Applicant has received one interim payment in the amount of $13,063.64.

13. This is a Final Application. The Applicant's request in this Application includes compensation for the following professionals:

PROFESSIONAL/PARAPROFESSIONAL  HOURLY RATE

Patrick M. Jones – Professional         $425.00
Courtney A. Adair – Professional        $290.00

The Applicant charges bankruptcy and insurance litigation clients the same rate for similar services.

### B. Case Status

14. Financial Status

   a. Cash on deposit:                    $21,584.65
   b. Unencumbered funds in the estate:   $21,584.65
   c. Operating profit/loss:              N/A
   d. Projected closing date:             September 2014

### C. Project Summary

15. In representing the Trustee in this case, the Applicant performed legal services on only one matter: liquidation of assets, including the Estate's claims under the Policies. The Applicant included detailed time records with this Application that are set forth in chronological order.

16. The structure of the Applicant's retention was to be compensated on an hourly basis. The Applicant compiled its time in hourly, task-based billing, in increments of tenths of an hour, with sufficient detail and categorization to enable this Court to evaluate the propriety of

its request for compensation in comparison to the result that it obtained, *viz.*, the eventual payment of claims out of funds that are in the estate through the Applicant's representation of the Trustee.

Liquidation of Assets

17.     The Applicant devoted 35.00 hours in connection with the liquidation of the Debtor's assets at a value of $14,740.00. The Applicant included a copy of the entries for these services within **Exhibit A**.

18.     The Applicant spent time under this category continuing to pursue recoveries under various insurance policies owned by the Debtor. In particular, the Applicant has consulted with counsel to the USA, counsel to KLLLC, and counsel to the Fireman's Fund in an on-going effort for settlement and recovery of monies owed to the Estate under the Policies.

Preparation of the Final Fee Application

19.     The Applicant prepared this Application in accordance with the applicable standards and devoted time in doing so. In preparing the Application, the Applicant complied with the standards which are set forth in the opinions in *In re Continental Illinois Securities Litigation*, 572 F.Supp. 931 (N.D. Ill. 1983); *In re Pettibone Corp.*, 74 B.R. 293 (Bankr. N.D. Ill. 1987); *In re Wildman*, 72 B.R. 700 (Bankr. N.D. Ill. 1987); Local Rule 5082-1; and the guidelines of the Office of the United States Trustee.

Costs

20.     The Applicant is not requesting reimbursement of any costs.

### II.    STATEMENT PURSUANT TO 11 U.S.C. §§ 329 AND 504 AND BANKRUPTCY RULE 22016

21.     Except to the extent that under 11 U.S.C. §504(b)(1) a professional may share compensation within that party's firm, the Applicant has not agreed to share with any person,

firm, or entity any award of fees which it may receive for having represented the Trustee in this case. Furthermore, there is no agreement between the Applicant and any other party for sharing compensation that any other person, firm, or entity receives in connection with representing the Trustee in this case.

### III.   REQUEST FOR RELIEF

WHEREFORE, the Applicant, as counsel for the Trustee, pray that this Court allow compensation as requested herein and grant such other and further relief as this Court deems just and appropriate.

Dated: January 6, 2015

                                          Greensfelder, Hemker & Gale, P.C.

                                          By: /s/ Thadford A. Felton

Thadford A. Felton (ARDC #6224896)
Greensfelder, Hemker & Gale, P.C.
200 West Madison Street, Suite 2700
Chicago, Illinois 60606
Telephone: (312) 419-9090
Facsimile: (312) 419-1930
taf@greensfelder.com

Case 05-15100   Doc 149   Filed 01/06/15   Entered 01/06/15 16:11:23   Desc Main
                           Document      Page 9 of 17

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| OAHU SUGAR COMPANY, LLC, | ) | Case No.: 05-15100 |
| | ) | |
| Debtor. | ) | Judge Timothy A. Barnes |
| | ) | Hearing Date: January 29, 2015 |
| | ) | Hearing Time: 10:00 a.m. |
| | ) | |

NAME OF APPLICANT:   Thadford A. Felton and Greensfelder, Hemker & Gale, P.C.
ROLE IN THE CASE:    Counsel for Alex D. Moglia, as trustee

<u>Greensfelder, Hemker & Gale, P.C.</u>

| | |
|---|---|
| Amount of Fees Sought for Allowance | **$14,740.00** |
| Amount of Fees Sought for Payment | **$14,740.00** |
| Amount of Expense Reimbursement Sought: | **$0.00** |
| | |
| FEES PREVIOUSLY REQUESTED: | $42,477.50 |
| FEES PREVIOUSLY AWARDED: | $42,260.75 |
| | |
| EXPENSES PREVIOUSLY REQUESTED: | $45.91 |
| EXPENSES PREVIOUSLY AWARDED: | $45.91 |
| | |
| RETAINER PAID; | -0- |

FEE APPLICATION

| NAMES OF PROFESSIONAL/ PARAPROFESSIONAL | YEAR ADMITTED TO PRACTICE | HOURS BILLED | RATE | TOTAL TIME BILLED |
|---|---|---|---|---|
| Patrick M. Jones | 2000 | 34.0 | $425.00 | $14,450.00 |
| Courtney A. Adair | 2008 | 1.0 | $290.00 | $    290.00 |

## Fee Breakdown

| CATEGORY | HOURS |
|---|---|
| Asset Liquidation | 35.0 |
| **TOTAL** | **35.0** |

| CATEGORY | FEES (Sought for Allowance) |
|---|---|
| Asset Liquidation | $14,740.00 |
| **TOTAL** | **$14,740.00** |

## **CERTIFICATE OF SERVICE**

    I, Thadford A. Felton, an attorney, hereby certify that I caused true and correct copies of the attached Notice of Hearing and Final Application of Trustee's Counsel for Compensation to be served upon the parties listed on the attached Service List via the Court's Electronic Notification Filing System and/or by First Class U. S. Mail, postage pre-paid, as indicated, on this, the 6th day of January, 2015.

                                                                          /s/ Thadford A. Felton

## SERVICE LIST

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 S. Dearborn Street, Room 873
Chicago, IL 60604

BEI Hawaii
311 Pacific Street
Honolulu, HI 96817-5089

Department of the Navy
c/o Randall Young, Esq.
258 Makalapa Drive, Suite 100
Pearl Harbor, HI 96860-3134

Robert J. Smith
David M. Marquez
Office of the General Counsel
U.S. Department of the Navy
720 Kennon Street SE, Bldg. 36, Rm. 233
Washington Navy Yard, DC 20374-5013

Kaanapali Land, LLC
David S. Curry, Esq.
Mayer Brown Rowe & Maw LLP
71 S. Wacker Drive
Chicago, IL 60606-4637

Laurence K. Lau
Deputy Director of Environmental Health
State of Hawii
Department of Health
1250 Punchbowl St., 3rd Floor
Honolulu, HI 96813-2416

The Estate of James Campbell
1001 Kamokila Boulevard
Kapolei, HI 96707-2014

Dept. of Defense, Dept. of Navy
U.S. EPA – Region IX
c/o Attorney General
U.S. Department of Justice
950 Pennsylvania, N.W.
Washington, D.C. 20530-0001

KLC Holding Corp.
900 N. Michigan Avenue
Chicago, IL 60611-1542

Oahu MS Development Corp.
900 N. Michigan Avenue
Chicago, IL 60611-1542

Patricia L. Hurst, Trial Attorney
U.S. Department of Justice
Environment and Natural Resouces Dept.
Environmental Enforcement Section
P. O. Box 7611
Washington, D.C. 20044-7611

Alex D. Moglia, Esq.
Moglia Advisors
1325 Remington Road, Suite H
Schaumburg, IL 60173-4815

Lewis Mitani
Remedial Project Manager
U.S. Environmental Protection Agency
75 Hawthorne Street
Mail Code SFD-8-3
San Francisco, CA 94105-3920

KLC Land Company, LLC
900 N. Michigan Avenue
Chicago, IL 60611-1542

Goodsill Anderson Quinn & Stifel
1099 Alakea Street, Suite 1800
Alii Place
Honolulu, HI 96813-4511

Mark Bennett
Department of the Attorney General
State of Hawaii
25 Queen Street
Honolulu, HI 96813

U.S. EPA – Region IX
c/o Attorney General
U.S. Department of Justice
75 Hawthorne Street
San Francisco, CA 94105-3920

Oahu Sugar Company, LLC
900 N. Michigan Avenue
Suite 1400
Chicago, IL 60611

Patrick M. Jones
Stahl Cowen Crowley Addis LLC
55 West Monroe Street
Suite 1200
Chicago, IL 60603

Dept. of Defense, Dept. of Navy
U.S. EPA – Region IX
c/o US Attorney
Civil Process Clerk
219 S. Dearborn Street, Suite 500
Chicago, IL 60604-2029

Bruce E. De'Medici
SmithAmundsen LLC
150 North Michigan Avenue
Suite 3300
Chicago, Illinois 60601

Timothy R. Casey, Esq.
Drinker Biddle Gardner Carton
191 N. Wacker Drive, Suite 3700
Chicago, IL 60606-1698

Christina N. Wakayama, Esq.
Chun, Kerr, Dodd, Beaman & Wong
Fort Street Tower, 9th Floor
745 Fort Street
Honolulu, HI 96813

Kathleen H. Johnson
Chief, Federal Facility
 and Site Cleanup
U.S. EPA – Region IX
75 Hawthorne Street
San Francisco, CA 94105-3920

Pioneer Mill Company LLC
900 N. Michigan Avenue
Chicago, IL 60611-1542

Mr. Mark Plevin
Crowell & Moring
275 Battery Street, 23rd Floor
San Francisco, CA 94111

Ean L Kryska
ABM Industries, Inc.
180 N. LaSalle St.
Suite 1700
Chicago, IL 60601

**EXHIBIT A**


GREENSFELDER
ATTORNEYS AT LAW

Greensfelder, Hemker & Gale, PC
10 South Broadway
Suite 2000
St. Louis, MO 63102
T: 314-241-9090
F: 314-241-8624
FEIN: 43-1313567

Alex D. Moglia, As Trustee of the Bankruptcy  August 4, 2014
Estate of Oahu Sugar Co., Debtor
1325 Remington Road, Suite H
Schaumburg, IL 60173

For legal services rendered from December 1, 2013 through June 23, 2014

**Bankruptcy Administration**

| Date | Attorney | Description | Hours/Rate | Amount |
|---|---|---|---|---|
| 12/4/2013 | Patrick M. Jones | Telephone conference with counsel to Fireman's Fund re stipulation and meeting. | 1.00 @ 425.00 | 425.00 |
| 12/11/2013 | Patrick M. Jones | Meeting with Fireman's Fund representatives and conference call with client re: possible settlement. | 1.50 @ 425.00 | 637.50 |
| 12/17/2013 | Patrick M. Jones | Email exchange with client, Alex Moglia, re: fee application and description of services performed. | 0.50 @ 425.00 | 212.50 |
| 12/20/2013 | Patrick M. Jones | Email exchange with DOJ counsel re: conference call relating to Fireman's Fund policies to Kanaapali Land; email with M. Plevin re: policies. | 1.00 @ 425.00 | 425.00 |
| 12/27/2013 | Patrick M. Jones | Reviewing time entries for privilege and relevance to produce to insurer. | 1.00 @ 425.00 | 425.00 |
| 12/31/2013 | Patrick M. Jones | Reviewing invoices for privilege and relevance for production to insurer. | 2.30 @ 425.00 | 977.50 |
| 1/2/2014 | Patrick M. Jones | Reviewing billing statements for production to insurer. | 2.60 @ 425.00 | 1,105.00 |
| 1/6/2014 | Patrick M. Jones | Email with DOJ counsel re: Fireman's Fund policies. | 0.10 @ 425.00 | 42.50 |
| 1/8/2014 | Patrick M. Jones | Email exchange with DOJ counsel re: Fireman's Fund policies. | 0.50 @ 425.00 | 212.50 |
| 1/15/2014 | Patrick M. Jones | Researching definition of a "claim" under an insurance policy covering property damage. | 3.50 @ 425.00 | 1,487.50 |
| 1/16/2014 | Patrick M. Jones | Redacting time entries for production to insurer in support of potential settlement. | 2.40 @ 425.00 | 1,020.00 |
| 1/24/2014 | Patrick M. Jones | Email exchange with client and DOJ/Navy re: consent on document request. | 1.50 @ 425.00 | 637.50 |
| 1/28/2014 | Patrick M. Jones | Email with M. Plevin re: insurance overview; redacting client-attorney privilege prior to production. | 1.50 @ 425.00 | 637.50 |

| Date | Timekeeper | Description | Hours @ Rate | Amount |
|---|---|---|---|---|
| 1/27/2014 | Patrick M. Jones | Email with DOJ re: analysis. | 0.50 @ 425.00 | 212.50 |
| 1/30/2014 | Patrick M. Jones | Email with client re: status of potential settlement with Fireman's Fund. | 0.50 @ 425.00 | 212.50 |
| 2/6/2014 | Patrick M. Jones | Telephone call with Jeremy Kleinman re: claims against Fireman's fund; telephone call with client re: production of policies to Kleinman. | 0.60 @ 425.00 | 255.00 |
| 2/7/2014 | Patrick M. Jones | Telephone call with counsel to third party with potential claims to the underlying insurance policies. | 0.50 @ 425.00 | 212.50 |
| 2/10/2014 | Patrick M. Jones | Telephone call with Jeremy Kleinman re: competing claims against insurance policies. | 0.40 @ 425.00 | 170.00 |
| 2/18/2014 | Patrick M. Jones | Attended hearing re: monthly fee application. | 1.00 @ 425.00 | 425.00 |
| 2/20/2014 | Patrick M. Jones | Telephone call with Mark Plevin, counsel to Fireman's Fund, re: competing claims in insurance policies. | 0.60 @ 425.00 | 255.00 |
| 2/24/2014 | Patrick M. Jones | Conference call with EPA and U.S. Navy re: potential settlement with Fireman's Fund. | 0.50 @ 425.00 | 212.50 |
| 2/28/2014 | Patrick M. Jones | Telephone call with counsel to Kannapali re: on-going negotiations over estate's interests in insurance policies. | 0.70 @ 425.00 | 297.50 |
| 3/3/2014 | Patrick M. Jones | Telephone call with Patti Hurst of U.S. EPA re: update of their position on assignment of rights. | 0.30 @ 425.00 | 127.50 |
| 3/3/2014 | Patrick M. Jones | Meeting with client re: developments in negotiation of assignments of estate's rights in insurance policies. | 0.40 @ 425.00 | 170.00 |
| 3/4/2014 | Patrick M. Jones | Telephone call with client re: information request from Kaanapali. | 0.30 @ 425.00 | 127.50 |
| 3/4/2014 | Patrick M. Jones | Collecting expense figures for settlement proposal to Kaanapali. | 0.50 @ 425.00 | 212.50 |
| 3/6/2014 | Patrick M. Jones | Telephone call with counsel to Kannapali re: proposed settlement. | 0.60 @ 425.00 | 255.00 |
| 3/7/2014 | Patrick M. Jones | Drafting and filing notice of hearing on fee application. | 0.40 @ 425.00 | 170.00 |
| 3/7/2014 | Patrick M. Jones | Drafting settlement agreement for insurance claims. | 1.20 @ 425.00 | 510.00 |
| 3/10/2014 | Patrick M. Jones | Telephone call with Mark Plevin re: meeting with EPA. | 0.40 @ 425.00 | 170.00 |
| 3/13/2014 | Patrick M. Jones | Telephone call with Mark Plevin. | 0.50 @ 425.00 | 212.50 |
| 3/18/2014 | Patrick M. Jones | Conference call with Oahu Sugar, Kaanapali, Fireman's Fund parties to discuss open issues re: assignment of claims. | 1.20 @ 425.00 | 510.00 |
| 3/20/2014 | Patrick M. Jones | Reviewing the Hartford Insurance policies; email exchange re: assignment of interests. | 3.50 @ 425.00 | 1,487.50 |

| 4/2/2014 | Courtney A. Adair | Review/analyze Petition for Trustee's Counsel's Attorneys' Fees; Appear for/attend hearing on the same. | 1.00 @ 290.00 | 290.00 |

**TOTAL THIS STATEMENT** $14,740.00

| Courtney A. Adair | 1.0 @ 290.00 | $ 290.00 |
| Patrick M. Jones | 34.0 @ 425.00 | $ 14,450.00 |

**PAYMENT DUE UPON RECEIPT**

Remit To: Greensfelder, Hemker & Gale, PC
Attn: Accounting Department
10 South Broadway, Suite 2000
St. Louis, MO 63102-1747

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re:<br>OAHU SUGAR COMPANY, LLC,<br><br><br>Debtor(s) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | BK No.:   05-15100<br><br>Chapter: 7<br>Honorable Timothy A. Barnes |

### ORDER GRANTING FINAL APPLICATION OF
### TRUSTEE'S COUNSEL FOR COMPENSATION

THIS MATTER COMING ON TO BE HEARD upon the Final Application of Trustee's Counsel for Compensation; due and proper notice having been given; the Court having heard from all interested parties and being fully advised in the premises; and the Court having jurisdiction over this proceeding;

IT IS HEREBY ORDERED THAT:

1. Trustee's Counsel is hereby allowed reimbursement of actual, necessary legal services in the amount of $14,740.00; and

2. Alex D. Moglia, not individually but solely as the Chapter 7 Trustee, is hereby authorized to pay Greensfelder, Hemker & Gale, P.C. for their reasonable compensation in the amount of $14,740.00.


Enter:


Dated:                                                                                United States Bankruptcy Judge

**Prepared by:**
Thadford A. Felton (ARDC #6224896)
Greensfelder, Hemker & Gale, P.C.
200 West Madison Street, Suite 2700
Chicago, Illinois 60606
Telephone: (312) 419-9090
Facsimile: (312) 419-1930
taf@greensfelder.com

Rev: 20130103_bko