**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| OAHU SUGAR COMPANY, LLC, ) | Case No. 05-15100 |
| ) | |
| Debtor. ) | Hon. Timothy A. Barnes |
| ) | |
| ) | Hearing date: March 14, 2018 |
| ) |             at 10:00 a.m. CST |
| ) | |

**NOTICE OF HEARING**

**PLEASE TAKE NOTICE** that on **March 14, 2018 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, we will appear before the Honorable Timothy A. Barnes, or any judge sitting in his stead, in Room 744 of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604, and then and there present the **FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE CHAPTER 7 TRUSTEE BY LIPE LYONS MURPHY NAHRSTADT & PONTIKIS LTD., FOR THE PERIOD MARCH 6, 2016 THROUGH AND INCLUDING FEBRUARY 15, 2018,** a copy of which is hereby served upon you.

Dated: February 15, 2018

Respectfully submitted,

Alex D. Moglia, not individually but
solely as Chapter 7 Trustee,

By: /s/ Patrick M. Jones

Patrick M. Jones, Esq.
PMJ PLLC
100 South State Street
Chicago, Illinois 60603
Tel: (312) 255-7976
Email: pmj@patjonesPLLC.com

*Counsel for the Trustee*

**THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| OAHU SUGAR COMPANY, LLC, | ) | Case No. 05-15100 |
| | ) | |
| Debtor. | ) | Hon. Timothy A. Barnes |
| | ) | |
| | ) | Hearing date: March 7, 2018 |
| | ) |                    at 10:00 a.m. CST |
| | ) | |

**FINAL APPLICATION FOR AN ORDER (I) VACATING THE ORDER APPROVING THE RETENTION OF LIPE LYONS AND APPROVING THE RETENTION OF LIP LYONS *NUNC PRO TUNC* AS OF MARCH 6, 2016, AND (II) FOR COMPENSATION AND REIMBURSEMENTOF EXPENSES AS COUNSEL FOR THE CHAPTER 7 TRUSTEE BY LIPE LYONS FOR THE PERIOD APRIL 1, 2016 THROUGH AND INCLUDING FEBRUARY 15, 2018**

Lipe Lyons Murphy Nahrstadt & Pontikis, Ltd. ("Lipe Lyons"), attorneys for Alex D. Moglia, not individually but solely as the Chapter 7 trustee appointed in the above-captioned case (the "Trustee"), files this application for an order (i) vacating the order approving the retention of Lipe Lyons (Doc. #173) and approving the retention of Lipe Lyons *nunc pro tunc* as of March 6, 2016, and (ii) approving the final application for compensation for fees for services rendered and costs incurred for the period April 1, 2016 through and including February 15, 2018 (the "Application"). In support of the Application, Lipe Lyons states as follows:

**JURISDICITON AND VENUE**

1.    The district courts have jurisdiction over this case pursuant to Section 1334 of Title 28 of the United States Code. Pursuant to Section 157(a) of Title 28 of the U.S. Code, this case is properly referred to the bankruptcy court. Pursuant to Section 157(b)(1) and Sections 157(b)(2)(A) and (O) of Title 28 of the U.S. Code, and Internal Operating Procedure 15 of the Internal Operating Procedures of the United States

District Court for the Northern District of Illinois, this case is properly referred to the United States Bankruptcy Court for the Northern District of Illinois. When it filed the petition for relief, the Debtor resided in Cook County, so pursuant to Section 1408(1) of Title 28 of the U.S. Code venue for this case is proper in the Northern District of Illinois, Eastern Division.

## RELEVANT BACKGROUND

2.  On April 19, 2005, this case was commenced by the filing for relief pursuant to Chapter 7 of the Bankruptcy Code (the "Petition Date").

3.  Alex D. Moglia was appointed as the Chapter 7 trustee. No creditors committee has been appointed in this case.

4.  On April 21, 2006, the United States filed the Claim based on potential environmental response costs that may be incurred by the EPA and the U.S. Navy, and for which the Debtor may become liable under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), with respect to a sugar processing facility formerly operated by the Debtor on the island of Oahu, Hawaii (the "Oahu Sugar Facility"). On information and belief, the contamination took place at the pesticide mixing plant of the Debtor, on land leased from the Navy within the Pearl Harbor Naval Complex.

5.  The Trustee has asserted a claim against insurance policies (the "Policies") purchased by the Debtor from Fireman's Fund Insurance Company ("FFIC") that provides coverage for the costs and expenses associated with the remediation of the Oahu Sugar Facility.

6.  Creditors of the bankruptcy estate of D/C Distribution, LLC, Bankr. Case

2

No. 07-12776, have also asserted claims against the insurance policies.

7.  On June 15, 2016, this Court entered an order approving the Trustee's retention of Lipe Lyons as special insurance counsel (Doc. #173). The motion to retain Lipe Lyons, however, did not request retention to be effective *nunc pro tunc* to the date, March 6, 2016, when Lipe Lyons began providing legal services to the Trustee.

8.  On April 26, 2017, the Court entered an order (Doc. #214) approving the initial fee application of Lipe Lyons from the date of retention, June 15, 2016, which left a considerable amount of fees and expenses unapproved.

9.  For the entirety of the period covered by the Application, Lipe Lyons has advised the Trustee regarding the negotiation of covered under the Policies, the sole remaining asset of the Debtor's bankruptcy estate.

10. This is the second and final application for compensation filed by Lipe Lyons in this case. Lipe Lyons did not receive a retainer and has not received any prior payment in this case.

11. Lipe Lyons seeks payment of its allowed fees from available funds at the discretion of the Trustee.

12. The Lipe Lyons counsel for the Trustee has been Thomas Pontikis. The standard rate charged by Pontikis for routine, non-complicated matters, without considering the size and degree of responsibility, difficulty, complexity, and results achieved is $375 per hour.

13. Based on that rate and the detail of time provided in <u>Exhibit A</u>, the value of the professional services rendered in this case on behalf of the Trustee during the time period of March 6, 2016 through February 15, 2018 is $28,945.32. Additionally, Lipe

Lyons incurred $8.00 of expenses for copying services at $.10 per page.

14. The rates charged by Lipe Lyons as set forth herein are customary for bankruptcy attorneys of similar skill and reputation. For services of the type rendered herein where those services were performed for a private client, Lipe Lyons would charge a reasonable fee for services rendered, on an hourly rate or, in addition, a contingent or fixed fee basis. The fee requested by Lipe Lyons is comparable to those fees which would be charged to a private client for similar services rendered by Lipe Lyons.

15. The rates charged by the participating attorneys and paraprofessionals, as set forth in the Exhibit A are well within the range charged by attorneys of similar skill and reputation in the area of bankruptcy and insurance coverage law.

## **SERVICES RENDERED**

16. During this compensation period, on behalf of the Trustee, Lipe Lyons performed the following services which materially benefited the bankruptcy estate:

   a. Analyzed over 100 insurance policies produced by insurer that purported to provide coverage for environmental remediation.

   b. Met with counsel for insurer, Debtor's parent company and primary insured Kaanapali Land, LLC, counsel to trustee in related bankruptcy case D/C Distribution LLC, and key creditors U.S. Navy and Environmental Protection Agency in an effort to negotiate a settlement of asserted interests in the insurance policies that would permit Trustee to resolve claims and close the Debtor's bankruptcy case in a manner that protects the best interests of the bankruptcy estate.

   c. Drafted a comprehensive memorandum outlining the estate's interests in the Policies and the amounts recoverable thereunder.

   d. Met with the Trustee and the Trustee's bankruptcy counsel regarding various mechanisms to the move the Debtor's bankruptcy case to conclusion.

   e. Performed various other services related to the estate's interests in the

4

Policies.

17. Lipe Lyons has rendered the appropriate, necessary services to the Trustee in this case. Exhibit A provides a detailed record of all of the services rendered by Lipe Lyons.

18. During the time relevant to this fee application, the time spent by Lipe Lyons and its attorneys has been focused entirely on its efforts to assess the various claimed interests in the insurance policies, and resolve those interests in a manner that is in the best interests of the creditors.

19. The complexity of the insurance policies involved, the various interests asserted in those policies (rightly or wrongly), and the sometimes conflicting interests of the key parties involved have complicated this matter beyond what might be expected from a routine settlement negotiation. The amount requested by Lipe Lyons is not unreasonable in terms of awards in cases of like magnitude and complexity.

20. Lipe Lyons has positioned the Trustee to make a factually and legally informed decision regarding the settlement of its claims against the Policies. Based in large part on the efforts of Lipe Lyons, the Trustee expects to be able to close this case in the next few months.

## **NOTICE**

21. Notice of this application has been given to the parties on the attached service list including the Office of the United States Trustee.

22. As stated above, a previous request for part of the relief sought herein was made and approved by the Court on April 26, 2017.

23. A copy of the proposed Order approving the Application is attached hereto.

**WHEREFORE**, Lipe Lyons seeks the allowance of $28,945.32 for services provided and $8.00 for costs and expenses between March 6, 2016 and January 31, 2018, and for such other relief as this Court deems just and appropriate.

Dated: February 15, 2018

Respectfully submitted,

**LIPE LYONS MURPHY NAHRSTADT
& PONTIKIS LTD.,**

By:  /s/ Thomas J. Pontikis

230 West Monroe Street
Suite 2260
Chicago, Illinois 60606
Tel: (312) 448-6236
tjp@lipelyons.com

*Counsel for the Trustee*

6

# **CERTIFICATE OF SERVICE**

      I, Patrick M. Jones, the undersigned attorney, hereby certify that on February 15, 2018, I caused a copy of foregoing application to be filed via the Court's ECF system and served upon the parties registered to receive ECF notice and via first class U.S. mail as indicated on the attached Service List.

                                          /s/ Patrick M. Jones

**VIA FIRST CLASS U.S. MAIL**

| | |
|---|---|
| D/C Distribution, LLC<br>900 N. Michigan Avenue, Suite 1400<br>Chicago, IL 60611 | Debtor |
| Oahu Sugar, LLC<br>900 North Michigan Avenue<br>Suite 1400<br>Chicago IL 60611 | Debtor |
| Alex D. Moglia<br>Moglia Advisors<br>1325 Remington Road, Suite H<br>Schaumburg, IL 60173 | Trustee (D/C Distribution LLC<br>and Oahu Sugar LCC) |
| Joseph D. Frank<br>Jeremy C. Kleinman<br>FrankGecker LLP<br>325 N. LaSalle Street, Suite 625<br>Chicago, IL 60654 | Counsel to Trustee<br>   (D/C Distribution LLC) |
| Todd C. Jacobs<br>Shook, Hardy & Bacon L.L.P.<br>111 S. Wacker Dr., Suite 5100<br>Chicago IL 60606 | Counsel to Fireman's Fund Insurance<br>Company |
| Patrick S. Layng<br>Gretchen Silver<br>Office of the United States Trustee<br>219 S. Dearborn Street, Room 873<br>Chicago, IL 60604 | U.S. Trustee |
| Mark D. Plevin<br>Crowell & Moring LLP<br>275 Battery Street, 23rd Floor<br>San Francisco, California 94111 | Counsel to Fireman's Fund Insurance<br>Company |

7

| | |
|---|---|
| Tracie Yoon<br>Crowell & Moring LLP<br>1001 Pennsylvania Avenue NW<br>Washington, DC 20004 | Counsel to Fireman's Fund Insurance Company |
| Patricia L. Hurst<br>Senior Counsel<br>US Department of Justice<br>Environment and Natural Resources Division<br>Environmental Enforcement Section<br>PO Box 7611<br>Washington DC  20044-7611 | Counsel to US Department of Justice |

8